*sit,* which would have been the only issue before them, had their judgment been correct upon the demurrer to the replication.

This being our opinion upon the demurrer, the cause must be remanded to *Charles* county court by *procedendo.* And it is in this aspect of the case unnecessary to institute any inquiry into the very important point which has been raised by the appellant, whether the act of assembly, taking away from the plaintiff the savings of the statute, be constitutional, so far as respects his claim, which originated before the passage of the repealing law? Nor shall we venture to intimate any opinion on that subject, especially in this case which has been submitted to our consideration, without argument on the question.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.

---

DUVALL, *et ux. vs.* HARWOOD's Adm'rs—June, 1827.

An intestate had several brothers and a sister, who died before him, leaving children and grandchildren, and one brother who survived him, but who died before the distribution of the intestate's estate. In the distribution of the intestate's personal estate, it was decreed, that the children of his sister, and the children of each of his brothers, who died before him, should receive the share to which such sister or brother, if she or he had survived the intestate, would have been entitled, and to the exclusion of any grandchildren of such sister or brother of the intestate—such grandchildren being the children of a son or daughter of the said sister or brother of the intestate, and who died before him. And that the share of the brother who survived the intestate, is payable to the executor or administrator of such brother. An intestate died without descendants—a sister, and the children and grandchildren of several deceased brothers and sisters surviving him. Of one of the brothers no child was alive at the death of the intestate, but several of the grandchildren of that brother were then living, the plaintiff being one—Held, that he was not entitled to any part of the intestate's personal estate. (Note.)

APPEAL from a decree of the Orphans Court of *Anne-Arundel* County. The administrators of *Benjamin Harwood,* deceased, petitioned the orphans court to order a distribution of all the personal assets in their hands, amongst the legal representatives of the deceased, according to law. The orphans court, on the 26th of May 1827, having considered the petition, and being satisfied that the said *Benjamin Harwood* left, at the time of his death, one brother, *Richard Harwood,* who is

since dead, leaving children, and other descendants; and that *Thomas, William, Nicholas, John* and *Samuel Harwood,* who were brothers of the said *Benjamin,* and *Mary Stockett,* who was a sister of the said *Benjamin,* departed this life in the lifetime of the said *Benjamin,* leaving children, and other descendants: and it being proved to the court that the said *Richard Harwood* was indebted unto the said *Benjamin* in his lifetime in a large sum of money, and that the said debt is still due and owing, the court do adjudge and order, that the said *Richard's* distributive share of the said *Benjamin's* estate is not in any manner liable to the payment of the said debt. And the court, therefore, order that the said administrators do make distribution of the personal assets in their hands on the 4th of June next, and pay over the said assets as follows: One seventh part or share to *Richard Harwood* of *Thomas,* who is the only child of the said *Thomas Harwood,* brother of the deceased. One other seventh part or share to the legal representatives of the said *Richard Harwood,* deceased. One other seventh part or share to the legal representatives of the said *William Harwood,* deceased. One other seventh part or share to the legal representatives of the said *Nicholas Harwood,* deceased. One other seventh part or share to the legal representatives of the said *John Harwood,* deceased. One other seventh part or share to the legal representatives of the said *Samuel Harwood,* deceased. And one other seventh part or share to the legal representatives of the said *Mary Stockett.* And the court do consider that the legal representatives of the said *Richard, William, Nicholas, John, Samuel* and *Mary,* are their children, and that if any of the said children shall have died before the death of the said *Benjamin,* leaving children, or other descendants, the said children and descendants are, by representation, entitled to the share or shares to which their parent or parents would have been entitled, in case the said parent or parents had survived the said *Benjamin.* For example, the said *Nicholas Harwood* having died as aforesaid in the lifetime of the said *Benjamin,* leaving *Sarah Duvall* and *Mary Green,* daughters, and *Henry S. Harwood,* a son, and the said *Henry S. Harwood* having also died in the lifetime of the said *Benjamin,* leaving children, the court do consider and adjudge

the seventh part or share, before ordered to be paid to the legal representatives of the said *Nicholas,* shall be distributed—one third part thereof to the said *Sarah Duvall;* one other third part to *Mary Green,* and the remaining third part to and amongst the children of the said *Henry S. Harwood.* And in case any of the legal representatives of the said *Richard, William, Nicholas, John* and *Samuel Harwood,* and *Mary Stockett,* shall have died since the death of the said *Benjamin,* then the share of the representatives so dying shall be paid over to the person or persons who shall be entitled to distribution of the personal estate of the said representative.

From this decree *Lewis Duvall,* the husband of *Sarah Duvall* above mentioned, for himself, and his said wife, appealed to this court.

The cause was about to be argued before BUCHANAN, Ch. J. and EARLE, MARTIN, STEPHEN, and DORSEY, J. by

*Marriott* and *Speed,* for the Appellants, when they were stopped by the court, who stated that the only question in the case which this court could act upon, had been decided in *Robins et al. vs The State use Polk,* (a).—*Decreed,* that the

*(a.)* The case of ROBINS, *et al. vs* THE STATE use of POLK was decided at June term 1809, on an appeal from *Worcester* county court. It was an action of debt on the administration bond given on the estate of *Zadok Purnell,* deceased. The following case was stated for the opinion of the court, viz  Col *Zadok Purnell* died intestate in January 1805, and without children or descendants of children  At the time of his death he left one sister living, and the legal descendants of three brothers and three sisters, who were dead, to wit, *John,* who had no child living at the death of the intestate, but who had  seven grandchildren, one of whom is the equitable plaintiff  *Thomas,* who left five children and four grandchildren. *William,* who left three children and one grandchild.  *Arralanta,* who left four children and six grandchildren.  *Zepporah,* who left eight grandchildren; and *Elizabeth,* who left seven children and three grandchildren.  The question was, whether or not the equitable plaintiff was entitled to a distributive share of the personal estate of *Zadok Purnell,* deceased?  The County Court, [*Done,* A. J.] gave judgment for the plaintiff.  From which judgment the defendants appealed to this court.  The cause was argued at the preceding June term before TILGHMAN, BUCHANAN, NICHOLSON and GANTT, J. by *Bullitt* and *Whittington,* for the Appellants, and by *J. Bayly* and *W. B. Martin,* for the Appellee; and at June term 1809, THE COURT, (except NICHOLSON, J.) dissented from the opinion of the court below; and

JUDGMENT REVERSED.

decree of the orphans court be reversed with costs to the appellants.—*Decreed* also, that in the distribution of the personal estate of *Benjamin Harwood,* the intestate, the children of his sister, and the children of each of his brothers, who died before the intestate, shall receive the share to which such sister or brother, if she or he had survived the intestate, would have been entitled, and to the exclusion of any grandchildren of such sister or brother of the intestate—such grandchildren being the children of a son or daughter of the said sister or brother of the intestate, and who died before the intestate.—*Decreed* also, that the share to which *Richard Harwood,* brother of the intestate, and who survived the intestate, but died before a distribution of his estate took place, is payable over to his executor or administrator, and not to his children, as directed by the decree of the orphans court—this court not meaning to interfere in any manner with the question of retainer by the administrators of *Benjamin Harwood,* for the claim they have, if any, against the said *Richard Harwood,* deceased, the proper parties not being before the court to justify them in deciding on that question.

DECREE REVERSED, &c.

## SAUERWEIN *vs.* BRUNNER.—June, 1827.

A promissory note for $1,745, payable 90 days after date, made by B at the request of E, and for his accommodation, and by E taken to G, who endorsed it with E, and then delivered by G to M, who negotiated it with H for the sum of $1,648 08, which was paid to E, is void for usury

Where a note commences in usury; or in other words, where a note is tainted with usury at its birth, when it first becomes legally efficient and operative so as to give to the holder a right of action upon it, no subsequent holder, for a valuable consideration without notice of such usury, can maintain a suit upon it—such note being declared by statute null and void.

A note endorsed for the accommodation of the maker, and passed by him as a security for a usurious loan, is a usurious contract in its inception; as the lender is in fact to be considered the first holder of the note.

The terms to negotiate a note, import the passing it for money; and to pass a note for money, means to transfer such note to another proprietor.

APPEAL from *Baltimore* County Court. *Assumpsit* by the holder, (now appellant,) against the maker, (the appellee,) of a promissory note, payable to *George J. Brown,* and by him en-